UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAWRENCE L. CRAWFORD,          :
                               :   Civil Action Nos.    14-0725 (JLL)
                               :                        14-1410 (JLL)
           Petitioner,         :
                               :
      v.                       :   **MEMORANDUM OPINION**
                               :
STATE OF NEW JERSEY,           :
                               :
           Respondent.         :

It appearing that:

1. On January 16, 2014, Petitioner Lawrence L. Crawford ("Petitioner") submitted a "Petition to Remove; Motion to Appoint Legal Counsel; Motion to Recuse; Motion to Stay; Motion to Suspend and or Relax the Federal Court Rules; Motion for Discovery and Motion to Motion Therefor Pursuant to Article III Section 2; 28 U.S.C. §§ 1443(1), 1602-1612 et seq." in Civil Action No. 14-0725. (ECF No. 1.)

2. The Court construed Petitioner's filing as one for habeas corpus relief pursuant to 28 U.S.C. § 2254 and administratively terminated the case for failure to pay the filing fee or submit a complete *in forma pauperis* application. (ECF No. 4.)

3. In subsequent filings, Petitioner stated that he did not intend for his submission to be construed as a petition for writ of habeas corpus but instead intended for it to be filed as a "post conviction relief action that has been removed pursuant to Article III, Section 2, 28 U.S.C. §§ 1443(1) and 1602-1612 et seq of the Foreign Sovereign Immunity Act."[1]  (Pet'r's Letter 4, Feb. 12, 2014, ECF No. 6.)

---

[1] The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 et seq., relates to civil actions involving foreign states and it is unclear as to its relevance in Petitioner's case.

4. The only arguable basis for jurisdiction cited by Petitioner is 28 U.S.C. § 1443(1), which permits the removal of a criminal prosecution:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

5. An individual seeking removal of a state criminal case to federal court under § 1443 must satisfy a two-part test: he must allege a denial of his rights on account of race, and that he cannot enforce his federal rights in state court. *Del. v. Hefley*, 403 F. App'x 677, 678 (3d Cir. 2010) (citing *Johnson v. Miss.*, 421 U.S. 213, 219–20, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975). Under the first requirement, the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." *Pa. v. Randolph*, 464 F. App'x 46, 47 (3d Cir. 2012) (internal citations and quotations omitted). Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." *Id.* "[R]emoval is not warranted when it is based solely on petitioners' allegations that the statutes underlying the charges against them were unconstitutional, that there was no basis in fact for those charges, or that their arrest and prosecution otherwise denied them their constitutional rights." *In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011) (internal citations and quotations omitted).

6. In his numerous filings, Petitioner has not identified any right conferred on him by a federal statute concerning racial equality that inevitably will be violated by the litigation of this matter in state court, and there does not appear to be any. Petitioner generally alleges that he is being denied "crucial, essential discovery evidence," however there is no indication that the denial

is related in any way to race or how that denial violates his rights. (Pet'r's Aff. Facts 33, ECF No. 9.)

7. In Petitioner's other pending case before this Court, Civil Action No. 14-1410 (JLL), he filed a "motion" seeking a "writ of mandamus…related to a PCR action arguing conviction." (Pet'r's Aff. Facts 11, ECF No. 1.)   Based on the filings in said case, it appears that Petitioner is seeking a writ of mandamus compelling this Court to adjudicate his "removed" PCR petition. Pursuant to the Court's above discussion, Petitioner's "motion" is DISMISSED as moot.

For the foregoing reasons,

IT IS on this ___5th___ day of ___May___, 2014,

ORDERED that the Clerk of the Court shall RE-OPEN Civil Action No. 14-0725; and it is further

ORDERED that Civil Action No. 14-0725 (JLL) is hereby REMANDED to the Superior Court of New Jersey, Law Division, Essex County; and it is further

ORDERED that Petitioner's "motion" for a "writ of mandamus" in Civil Action No. 14-1410 is DISMISSED as moot; and it is further

ORDERED that Petitioner's request for appointment of counsel is DISMISSED as moot; and it is further

ORDERED that the Clerk of the Court shall close the Court's file in these matters.

_____
Jose L. Linares, U.S.D.J.